# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**BRANDON RIFFLE,**

    **Plaintiff,**

                                                                         Civil Action 2:18-cv-547
    v.                                                    Judge James L. Graham
                                                          Magistrate Judge Elizabeth P. Deavers

**FAIRFIELD COUNTY DEP'T**
**OF PROBATION,**

    **Defendant.**

## ORDER AND
## INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, formerly a state inmate under the supervision of the Ohio Department of Rehabilitation and correction, brings this prisoner civil rights action under 42 U.S.C. § 1983. (ECF Nos. 1 & 16.) Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. This matter is also before the Court *sua sponte* for an initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this Plaintiff's claims against Defendant for failure to assert any claim over which this Court has subject matter jurisdiction.

**I.**

Congress has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief maybe granted. 2 8 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill* v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

A federal court has limited subject matter jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws, the Constitution, or treaties of the United States. *Id.* (citation omitted). For a federal court to have diversity jurisdiction pursuant to Section 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**II.**

According to the Complaint, Defendant Fairfield County Department of Adult Probation is responsible for forcing him to attend religiously-based substance abuse programs during the

term of his state probation from 2008 until 2013. (ECF No. 1-1 at 5.) Plaintiff also claims that some three years after expiration of his term of probation, he was arrested and detained on a "verbal probation holder" for more than two months until his appearance before the Fairfield County Court of Common Pleas, at which time the court recognized Plaintiff's probation had expired and terminated his case. (*Id*.) Plaintiff argues that Defendant's actions violated his rights under the First, Fourth, and Fourteenth Amendments of the U.S. Constitution. (*Id*. at 5-6.) Plaintiff seeks compensatory and punitive damages in the amount of $2,500,000, as well as the appointment of counsel. (*Id*. at 6.)

### III.

**A. Plaintiff's First Amendment Claims**

Plaintiff purports to bring his claims under 42 U.S.C. § 1983. (ECF No. 1-2 at 1.).) The statute of limitations applicable to claims arising in Ohio under 42 U.S.C. § 1983 is the two-year statute of limitations found in Ohio Revised Code § 2305.10. *Boddie v. Barstow*, No. 2:14-cv-0106, 2014 WL 2611321, at *2 (S.D. Ohio May 2, 2014), report and recommendation adopted, No. 2:14-CV-106, 2014 WL 2608123 (S.D. Ohio June 11, 2014) (citing *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989)).

"Although the statute of limitations is normally an affirmative defense that must be raised by defendants in an answer, if the limitations bar appears on the face of the complaint, the Court may apply it during the initial screening process." *Boddie*, 2014 WL 2611321, at *3 (citing *Watson v. Wayne County*, 90 F. App'x. 814, at *1 (6th Cir. January 26, 2004)) ("If a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue *sua sponte*"). This Court has applied that rule in cases screened under § 1915A. *Id*. (citing *Smith v. Warren County Sheriff's Dept.*, No. 1:10-cv-113, 2010 WL 761894 (S.D. Ohio March 2,

3

2010)). Accordingly, the Court must look to the allegations in the Complaint to determine whether the action has been filed within the applicable two-year period.

Here, it is clear that Plaintiff's forced attendance at religiously-based substance abuse programs occurred prior to the applicable two-year period. The alleged actions took place nearly five years ago, between 2008 and 2013. (ECF No. 1-1 at 5). The Undersigned, therefore, recommends that Plaintiff's First Amendment claims be dismissed for failure to state a claim on which relief may be granted.

**B. Plaintiff's Fourth and Fourteenth Amendment Claims**

In order to state a Section 1983 claim against the Fairfield County Adult Parole Board for his remaining Fourth and Fourteenth Amendment claims, Plaintiff must plead facts that, if accepted as true, show that the County government is responsible both for the alleged due process violation in failing to provide Plaintiff with a reasonably prompt detention hearing and for Plaintiff's subsequent unlawful imprisonment in contravention of the Fourth Amendment. *See Cash v. Hamilton Cnty. Dept. of Adult Probation*, 388 F.3d 539, 542-545 (6th Cir. 2004) (holding that counties may be held liable under Section 1983 for the unconstitutional actions of their probation departments). In other words, Plaintiff must demonstrate that the County is itself the wrongdoer.

Under Section 1983, counties and other bodies of local government may be sued pursuant to 42 U.S.C. § 1983 if they are "alleged to have caused a constitutional tort through 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (citing *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978)). Section 1983 also "authorizes suit 'for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom

has not received formal approval through the body's official decision making channels.'" *Id.* (citing *Monell*, 436 U.S. at 690-91). Although a Section 1983 plaintiff might not be able to demonstrate that a written policy exists, he "may be able to prove the existence of a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *Monell*, 436 U.S. at 691 (citation and quotation marks omitted). Here, however, Plaintiff has not pleaded any facts at all with respect to a county policy or custom that may have caused a constitutional deprivation. The Undersigned, therefore, recommends that Plaintiff's Fourth and Fourteenth Amendment claims be dismissed for failure to state a claim on which relief may be granted.

## IV.

For the reasons explained above, Plaintiff's Complaint fails to assert any claim over which this Court has subject matter jurisdiction. Accordingly, the Undersigned finds that Plaintiff has not made out viable claims upon which relief may be granted against Defendant. It is therefore **RECOMMENDED** that the Court dismiss Plaintiff's claims pursuant to Section 1915A.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**


Date: July 18, 2018                         /s/ *Elizabeth A. Preston Deavers*
                                            ELIZABETH A. PRESTON DEAVERS
                                            UNITED STATES MAGISTRATE JUDGE