IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Brandon Riffle,

    Plaintiff,

    v.                            Case No. 2:18-cv-547

Fairfield County Department
of Probation,

    Defendant.

## OPINION AND ORDER

This is an action filed by plaintiff pursuant to 42 U.S.C. §1983 against the Fairfield County Department of Probation. Plaintiff alleges in his complaint that while he was serving a term of community control from 2008 to 2013, he was required to attend Narcotics Anonymous/Alcoholics Anonymous meetings. Plaintiff alleges that because he had no religious denomination, the requirement to attend these meetings constituted a violation of the constitutional mandate of separation of church and state. Plaintiff further alleges that on August 24, 2016, he was arrested for driving under suspension and detained because of a verbal probation holder. He states that he appeared in court on October 26, 2016. The court determined that plaintiff's probation had expired and dismissed the case. Plaintiff alleges that his detention on the holder was unlawful.

This matter is before the court for consideration of plaintiff's objection (Doc. 4) to the magistrate judge's July 18, 2018, report and recommendation (Doc 3). If a party objects to a report and recommendation within the allotted time, the court "shall make a de novo determination of those portions of the report

or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

As the magistrate judge correctly explained, 28 U.S.C. §1915(e) requires sua sponte dismissal of an action upon the court's determination that the action fails to state a claim upon which relief may be granted. Grinter v. Knight, 532 F.3d 567, 572 (6th Cir. 2008). Courts conducting initial screens under §1915(e) apply the motion to dismiss standard. See, e.g., Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§1915A and 1915(e)(2)(B)(ii)).

Courts ruling on a motion to dismiss under Rule 12(b)(6) construe the complaint in a light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). While the complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the claimed right to relief above the speculative level" and "state a claim that to

relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). Although the filings of a pro se litigant are construed liberally, a pro se party will not be relieved of the responsibility to comply with basic rules of court. McNeil v. United States, 508 U.S. 106, 113 (1993).

The magistrate judge first addressed plaintiff's First Amendment claim that the counseling sessions required by his community control violated the doctrine of separation of church and state. The conclusory allegations in the complaint include no facts showing how the counseling sessions ran afoul of the First Amendment separation requirement. However, even assuming the allegations are sufficient, the magistrate judge concluded that this claim is barred by the two-year statute of limitations applicable to §1983 claims in Ohio because plaintiff's probation expired in 2013. See Browning v. Pendleton, 869 F.2d 989 (6th Cir. 1989). A complaint showing on its face that relief is barred by an affirmative defense is properly subject to dismissal for failure to state a claim upon which relief can be granted. Rauch v. Day and Night Manuf. Corp., 576 F.2d 697, 702 (6th Cir. 1978)(holding that a limitations defense may be raised by a Rule 12 motion); see also New England Health Care Employees Pension Fund v. Ernst & Young, LLP, 336 F.3d 495, 501 (6th Cir. 2003)(dismissal on limitations ground).

In his objection, plaintiff argues that his First Amendment claim constituted a continuing violation because he was detained based on a verbal probation holder. However, the alleged injury involved in his First Amendment claim was the condition that he attend counseling sessions from 2008 to 2013 which somehow violated

the requirement of separation of church and state. The complaint does not allege that plaintiff was required to attend counseling sessions after his community control expired in 2013. Any First Amendment violation stemming from the counseling sessions was separate and distinct in kind from the alleged illegal detention in 2016. The magistrate judge correctly concluded that plaintiff's First Amendment claim is barred by the statute of limitations. The complaint fails to state a claim under the First Amendment.

The magistrate judge also addressed plaintiff's illegal detention claims, construing them as claims under the Fourth and Fourteenth Amendments. The magistrate judge correctly noted that an agency of county government such as the Fairfield County Probation Department may be sued under §1983 if the alleged constitutional tort was attributable to a policy statement, ordinance, regulation, decision officially adopted and promulgated by that body's officers, or a governmental custom. See City of St. Louis v. Praprotnik, 485 U.S. 112, 121 (1988). The magistrate judge concluded that plaintiff failed to plead any facts showing the existence of a county policy or custom that may have caused the alleged constitutional deprivation, and that the Fourth and Fourteenth Amendment claims failed to state a claim on which relief may be granted.

In his objection, plaintiff states that under Ohio law, a term of community control is limited to a maximum of five years, and that his five-year term had clearly expired at the time of his detention. However, plaintiff's objection fails to show that the magistrate judge erred in concluding that the complaint did not allege the existence of a policy or custom which resulted in

4

plaintiff's detention.  The court agrees with the conclusion of the magistrate judge that the complaint fails to state a claim for relief under the Fourth and Fourteenth Amendment.

For the foregoing reasons, the court overrules plaintiff's objection (Doc. 4), and adopts the magistrate judge's report and recommendation (Doc. 3).  This action is hereby dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim for which relief may be granted.  However, in regard to plaintiff's Fourth and Fourteenth Amendment claims alleging illegal detention, plaintiff is hereby granted leave to file an amended complaint.  If plaintiff wishes to file an amended complaint alleging any additional facts regarding whether his detention was due to some policy or custom of the Fairfield County Probation Department, such amended complaint shall be filed no later than thirty days from the date of this order.  The clerk shall defer entering a final judgment in this case until after the thirty-day period has run.

Date: August 10, 2018          <u>    s/James L. Graham    </u>
                                           James L. Graham
                                           United States District Judge