# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

BRANDON RIFFLE,

      **Plaintiff,**

                                        **Civil Action 2:18-cv-00547**
                                        **Judge James L. Graham**
      **v.**                             **Chief Magistrate Judge Elizabeth P. Deavers**

FAIRFIELD COUNTY
DEPT. OF PROBATION,

      **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the Court for a Report and Recommendation on Defendant's Motion to Dismiss Plaintiff's Amended Complaint.  (ECF No. 14.)  Plaintiff did not file a Response.[1] For the following reasons, the Undersigned **RECOMMENDS** that the Defendant's Motion to Dismiss be **GRANTED**.

## I.  BACKGROUND

Plaintiff, an inmate in an Ohio state prison, initiated this action by filing a Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) on June 4, 2018.  Plaintiff filed his Complaint (ECF No. 2) against Defendant on July 18, 2018.  Plaintiff, who is proceeding *pro se*, brings civil rights claims under 42 U.S.C. § 1983 against Defendant.  In his original Complaint, Plaintiff

---

[1] On November 26, 2018, Plaintiff filed a Motion to Strike Defendant's Motion to Dismiss. (ECF No. 16.)  Defendant filed a Response in Opposition to the Motion to Strike on December 12, 2018.  (ECF No. 17.)  On January 9, 2019 the Court denied Plaintiff's Motion to Strike and ordered Plaintiff to respond, if at all, to Defendant's Motion to Dismiss by January 30, 2019. (ECF No. 18.)  To date, Plaintiff has not filed an opposition to the Motion to Dismiss or anything in response to the Court's January 9, 2019 Order.

alleged that Defendant was responsible for forcing him to attend religiously-based substance abuse programs during the term of his state probation from 2008 until 2013. (ECF No. 1-1 at pg. 5.) Plaintiff also claimed that some time after expiration of his term of probation, he was arrested and detained on a "verbal probation holder" for more than two months until his appearance before the Fairfield County Court of Common Pleas, at which time the court recognized Plaintiff's probation had expired and terminated his case. (*Id.*) Plaintiff argued that Defendant's actions violated his rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution (*Id.* at 5–6.) Plaintiff sought compensatory and punitive damages in the amount of $2,500,000, as well as appointment of counsel. (*Id.* at 6.) On August 10, 2018, the Court, pursuant to 28 U.S.C. § 1915(e), ordered *sua sponte* dismissal of the action upon the determination that the action failed to state a claim upon which relief may be granted. (ECF No. 5); *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008). The Court nevertheless granted Plaintiff leave to file an amended complaint regarding his Fourth and Fourteenth Amendment claims alleging illegal detention, which he did on September 11, 2018. (ECF No. 6.)

In the Amended Complaint, Plaintiff alleges the following facts:

On December 29, 2008 I entered a guilty plea to burglary and was sentenced to five (5) years of probation, in Fairfield Com. Pl. Case No. 2008-cr-00391. See, Docket. I was released to start such term on January 5, 2009. See, Arrest Record.

Albeit I was arrested several times, and even sent to prison for nonrelated crimes, the probation herein was never revoked before expiring on or about January 5, 2014. Cf. Docket; Arrest Record.

On August 25, 2016, I was arrested for traffic violations and got further detained pursuant to a "pick up order" issued by the Defendant. Id.

Pursuant to policy, regulations, and/or the decision of the Defendant, a statement of violations, motion to revoke, and capias was filed on September 14, 2016. City of St. Louis v. Praprotnik, 485 U.S. 112, 121 (1988). This is the Defendant's customary manner of hailing a community controllee into court for alleged

> violation of probation, irrespective of whether jurisdiction is valid or not.  Monell
> v. New York City Dept. of Soc. Servs., 436 U.S. 658, 690–91 (1978).
>
> Because the Defendant refused to acknowledge that its statutory power to supervise
> my liberty had well-expired in 2014, my court appointed counsel filed a motion to
> dismiss revocation proceedings, based on a lack of jurisdiction, on October 20,
> 2016.  Docket
>
> On October 21, 2016, the trial court granted the motion and I released [sic].  Cf.
> Docket; Arrest Record.  Based upon this judicial decree of a lack of jurisdiction to
> detain, I am presently before the Court.

(*Id.* at 2–3.)  Plaintiff seeks relief in the form of $1,000,000 for unlawful seizure and $125,000

for punitive damages.  (*Id.* at 3.)

Defendant timely filed its Motion to Dismiss Plaintiff's Amended Complaint on

November 2, 2018.  (ECF No. 14.)  On November 26, 2018, Plaintiff filed a Motion to Strike

Defendant's Motion to Dismiss.  (ECF No. 16.)  Defendant filed a Response in Opposition to the

Motion to Strike on December 12, 2018.  (ECF No. 17.)  Plaintiff did not file a Reply.  On

January 9, 2018, the Court denied Plaintiff's Motion to Strike and permitted Plaintiff to have

twenty-one (21) days from the date of the Order to respond to Defendant's Motion to Dismiss.

(ECF No. 18.)  To date, Plaintiff has not filed a Response.

## II.  STANDARD OF REVIEW

Defendant brings its motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, alleging that Plaintiff has failed to state a claim upon which relief can be granted.  To

survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff must

satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).

Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing

that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and*

factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

# III.  ANALYSIS

## A.  Failure to State a Claim Upon Which Relief May Be Granted

Plaintiff bring his claims against Defendant[2] under 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

42 U.S.C. § 1983.  In order to proceed under Section 1983, a plaintiff must prove both that (1) the perpetrator acted under color of state law; and (2) the conduct deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Brandon v. Allen*, 719 F.2d 151, 153 (6th Cir. 1983), *rev'd and remanded sub nom. Brandon v. Holt*, 469 U.S. 464 (1985).  Specifically for Plaintiff to state a Section 1983 claim against Defendant, Plaintiff must plead facts that, if accepted as true, show that the government is responsible for Plaintiff's unlawful imprisonment in contravention of the Fourth Amendment.  *See Cash v. Hamilton Cty. Dept. of Adult Probation*, 388 F.3d 539, 542 (6th Cir. 2004) ("Because *respondeat superior* liability is not available as recovery under § 1983 . . . the plaintiffs cannot base their claim against the City and County solely on the conduct of the workers who effected [the unconstitutional conduct].")  In other words, Plaintiff must demonstrate that the government is itself the wrongdoer.  *Id.*

---

[2] As an initial matter, the Fairfield County Probation Department is not *sui juris*, meaning it cannot sue or be sued.  *See Wilson v. Trumbull Cty. Dep't of Job & Family Servs.*, No. 4:12-cv-02163, 2013 WL 5820276, at *3–4 (N.D. Ohio 2013) (holding county agencies do not have capacity to sue or be sued).  Accordingly, the Court construes Plaintiff's claims as against the local government.

Under Section 1983, counties and other bodies of local government may be sued pursuant to 42 U.S.C. § 1983 if they are "alleged to have caused a constitutional tort through 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (citing *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978)). Section 1983 also "authorizes suit 'for constitutional deprivations visited pursuant to government 'custom' even though such a custom has not received formal approval through the body's official decision making channels.'" *Id.* (citing *Monell*, 436 U.S. at 690–91). Although a Section 1983 plaintiff might not be able to demonstrate that a written policy exists, he "may be able to prove the existence of a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *Monell*, 436 U.S. at 691 (citation and quotation marks omitted).

Here, Plaintiff has not pleaded any facts at all with respect to a county policy or custom that may have caused a constitutional deprivation. Plaintiff merely states that "[p]usurant to policy, regulations, and/or the decision of the Defendant, a statement of violations, motion to revoke, and capias was filed on September 14, 2016." He fails, however, to set forth specific facts demonstrating that an actual policy or custom exists. (ECF No. 6, at pg. 2.) Indeed, this bald assertion is not accompanied by any factual development. Moreover, on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citation omitted). Because he has failed to plead any facts regarding a County policy or custom other than "labels" and "conclusions," the Undersigned recommends that Defendant's Motion to Dismiss for failure to state a claim be granted.

**B. Collateral Estoppel**

Even if Plaintiff had pleaded sufficient facts with respect to a County policy or custom that may have caused a constitutional deprivation, his claims still are subject to dismissal because Plaintiff is collaterally estopped from challenging his August 24, 2016 seizure and continued detention. Plaintiff can only succeed on his claims if his August 24, 2016 arrest and subsequent detention were in violation of the Fourth Amendment. Plaintiff's arrest and detention, however, did not violate the Fourth Amendment. The record reveals that Judge Richard E. Berens, a state court judge, determined at a September 20, 2016 preliminary hearing that probable cause existed to conclude that Plaintiff had violated one or more terms and conditions of his community control. (ECF No. 14, Exhibit H.)

Where "the state affords an opportunity for an accused to contest probable cause at a preliminary hearing and the accused does so, a finding of probable cause by the examining magistrate or state judge should foreclose relitigation of that finding in a subsequent § 1983 action." *Smith v. Thornburg*, 136 F.3d 1070, 1077 (6th Cir. 1998) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 175 (6th Cir. 1987). Furthermore, federal courts are generally required "to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Haring v. Prosise*, 462 U.S. 306, 313 (1983) (citation omitted). Ohio Courts apply collateral estoppel when appropriate. *Thompson v. Wing*, 637 N.E.2d 917, 923 (Ohio 1994); *Goodson v. McDonough Power Equip., Inc.*, 443 N.E.2d 978, 987 (Ohio 1983); *Mitchell v. Int'l Flavors & Fragrances, Inc.*, 902 N.E.2d 37, 41 (Ohio Ct. App. 2008); *Frank v. Simon*, No. L-06-1185, 2007 WL 866998, at *1–3 (Ohio Ct. App. March 23, 2007); *McFadden v. Butler*, 166 Ohio Misc. 2d 16, 17–20 (2011). Accordingly, the Undersigned recommends that Defendant's Motion to Dismiss be granted because Plaintiff is collaterally

estopped from raising the issue of the propriety of his seizure due to a finding of probable cause in this Section 1983 lawsuit. Because the state court determined that probable cause existed to believe that Plaintiff violated the terms of his community control, Plaintiff's seizure and time in the Fairfield County Jail did not violate the Constitution.

## IV. CONCLUSION

For the foregoing reasons, the Undersigned finds that Plaintiff has failed to state a claim upon which relief may be granted. The Undersigned further finds that Plaintiff is collaterally estopped from challenging his seizure and detention in this action under Section 1983. Accordingly, the Undersigned **RECOMMENDS** that Defendant's Motion to Dismiss (ECF No. 14) be **GRANTED**.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district

court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: March 28, 2019                    /s/ *Elizabeth A. Preston Deavers*
                                        **ELIZABETH A. PRESTON DEAVERS**
                                        **CHIEF UNITED STATES MAGISTRATE JUDGE**